Owen McGtvbbn, J.
The plaintiff, a lessee of a drugstore and luncheonette in the Hotel Weylin building, 527 Madison Avenue, Manhattan, seeks a permanent injunction against a cotenant, a delicatessen, and against the landlord for breach of a restrictive covenant in the plaintiff’s lease.
Although the plaintiff is primarily a drugstore, a substantial portion of its income is derived from its luncheonette, a large part of which latter business is based on “ take out ” orders for off-premise consumption. Its lease contains the following provision, which has become the subject of the instant lawsuit: “ 43- Landlord covenants and agrees with tenant that upon said Tenant paying said rent, and performing all the covenants and conditions contained in this lease on Tenant’s part to be observed and performed, Landlord shall not lease to another tenant for use as a drug store and/or luncheonette and/or soda fountain and/or coffee shop any space within Landlord’s building. This covenant shall not apply, however, to the operation of a restaurant in said building which restaurant shall not have a counter or fountain service. ’ ’
Subsequent to the plaintiff’s lease, on the same premises the defendant obtained a lease permitting it to engage in business ‘ ‘ for a gourmet and delicatessen shop for the sale of food and delicatessen products for off premises consumption only.” Within a short time after commencing its delicatessen operation, the defendant developed a sizeable ‘ ‘ outgoing order ’ ’ business itself. The plaintiff maintains this latter operation violates its own prerogative and should be enjoined.
As at Special Term, wherein an application for a temporary injunction was denied, this court sees no merit in the plaintiff’s application and must reject it. Covenants of the character under consideration must be strictly construed. In its essence, the landlord by covenant had made a commitment to the plaintiff not to lease space in the same premises to: (1) a drugstore, (2) a luncheonette, (3) a soda fountain, and (4) a coffee shop. *739 By leasing to a delicatessen, the landlord has not violated its covenant. The space of the defendant delicatessen has no tables, chairs, or any facilities for “on premise” consumption or counter service. And there is nothing to restrict it from catering to an “ off the premises ” trade. The collateral part of the plaintiff’s business devoted to “ outgoing order” business, as an adjunct to its luncheonette, does not confer upon it any exclusive right to pre-empt that field entirely. This phase of the delicatessen business was not placed out-of-bounds by the plaintiff’s covenant, and the court cannot extend the covenant restrictions which the plaintiff obtained from the defendant landlord (cf. King Drug Stores v. Ramsgate Realty Co., 152 Misc. 41; also, see, Premium Point Park Assn. v. Polar Bar, 282 App. Div. 735). Complaint dismissed.