NEVADA FOOD KING, INC., A NEVADA CORPORATION, APPELLANT, *v.* RENO PRESS BRICK COMPANY, A NEVADA CORPORATION, RESPONDENT.

No. 4829

March 24, 1965                          400 P.2d 140

*Bible, McDonald & Carano,* of Reno, for Appellant.

*Hawkins, Rhodes & Hawkins,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This case involves the scope of a restrictive covenant in a lease between Reno Press Brick Co., lessor, and Nevada Food King, Inc., lessee. The covenant provides: "4-e. Exclusive use. Lessor shall not lease any property owned by it in that general vicinity for operation of a retail grocery, or meat market, nor shall itself operate the same. The general vicinity shall be defined as any area lying north of West Fourth Street, west of Keystone Avenue, east of the present lessor's office, and south of the Orr Ditch." The lessor, wishing to develop a shopping center, including a food supermarket, on property owned by it and adjacent to the area referred to in paragraph 4-e as the "general vicinity," sought a declaratory judgment that it was not prohibited from doing so. The lessor also requested the court to declare that the proposed shopping center development could be provided with access through, and parking upon, property within the "general vicinity" area as delineated by paragraph 4-e.[1] After the lessee answered the lessor's complaint for declaratory relief, relevant depositions were taken. Those depositions, together with affidavits, photographs and maps, supplied the supporting material for the respective motions of lessor and lessee for summary judgment. The lower court granted summary judgment to the lessor. It ruled that "plaintiff is under no obligation to defendant to refrain from leasing property owned by it for operation of a retail grocery or

---

[1]Declaratory relief as to access and parking was not specifically requested in the prayer of lessor's complaint. However, the pleadings did present the question of the effect to be given the restrictive covenant. The court, therefore, properly decided the access and parking issue. NRCP 54(c).

meat market, providing the property so leased is located west of a line drawn from the west side of the Reno Press Brick Co. office building, to the intersection of the westerly boundary of the Reno Press Brick Co. property with the Orr Ditch, Reno, Nevada; nor is plaintiff under any obligation to defendant to refrain from permitting access across, or parking upon, any portion of its property, wherever located, except the parcel leased to the defendant." The lessee appeals. We affirm.

The property leased to Nevada Food King is at the northwest corner of the intersection of West Fourth Street and Keystone Avenue. It is rectangular in shape and extends 200 feet along Fourth Street and 300 feet north along Keystone Avenue and provides parking for the customers of Nevada Food King. The area described in paragraph 4-e of the lease as the "general vicinity" area is a much greater area than that under lease to Nevada Food King. Indeed, some of it is under lease to other tenants. In addition to the "general vicinity" area, Reno Press Brick Co. owns other adjacent property as shown in the following drawing.

Of course, Nevada Food King is fearful that its business will be detrimentally affected if a competitor is permitted to do business on adjacent property of the lessor. Though conceding that the proposed supermarket will not be located within the area prohibited by the restrictive covenant, it nevertheless asserts that the underlying purpose of that covenant is frustrated by the lower court's ruling. Furthermore, the lessee contends that access through, and parking within, the area described by the restrictive covenant (which access and parking will serve not only the proposed supermarket but also other tenants of the shopping center complex), is in flat contradiction of the underlying purpose sought to be served by the covenant. The lessee's argument does not persuade us. The restrictive covenant does not attempt to preclude the leasing of land for a supermarket, outside of the described boundaries, nor does it restrict access thereto or parking therefor. The sole restriction is that "Lessor shall not lease any property owned by it in that general vicinity for operation of a retail grocery, or meat market, nor shall itself operate the same." The covenant is silent as to parking, nor does it impose any additional restriction upon the right of the lessor to use and develop its own property (not under lease to Nevada Food King, but within the area called the "general vicinity") as it determines. We cannot write a new lease for the parties to accommodate the lessee, nor will we depart from the well established rule that a restrictive covenant, being in restraint of trade, is to be strictly construed. Keyes v. Carrick, 268 S.W.2d 397; Fraser Pharmacy Corp. v. Sular Realty Corp., 211 N.Y.S.2d 666; Bookman v. Cavalier Court, 93 S.E.2d 318; Weinberg v. Edelstein, 110 N.Y.S.2d 806; Norwood Shopping Center, Inc. v. MKR Corp., 135 So.2d 448; 51 C.J.S., p. 866; 14 Am.Jur., p. 621; 30 Cal.Jur.2d, pp. 51–52; Fenton v. Crook, 102 A. 834, 106 A. 891.

As noted, paragraph 4-e makes no reference to parking or access within the "general vicinity" area. The preclusionary language is clear and specific. The "Lessor shall not lease any property owned by it" within the

general vicinity area "for operation of a retail grocery, or meat market, nor shall itself operate the same." The maxim, "expressio unius est exclusio alterius,"—the expression of one thing excludes others—applies. Flyge v. Flynn, 63 Nev. 201, 243, 166 P.2d 539. The lessor may develop its own property in the "general vicinity" area as it wishes, so long as it does not operate a retail grocery or meat market therein, or permit another lessee to do so. Provision for parking and access is not prohibited. Food Fair Stores v. Kline, 152 A.2d 661; Loblaw v. Warren Plaza Inc., 127 N.E.2d 754. Sav-on Gas Stations v. Shell Oil Co., 309 F.2d 306, relied upon by appellant-lessee, does not suggest a contrary view.

Relying upon Carter v. Adler, 291 P.2d 111, the lessee contends that, as the lease provides for the payment to lessor of a percentage of gross receipts in addition to a minimum monthly rent, a competitive business on adjacent property of the lessor is automatically forbidden. Good faith and fair dealing dictate that the lessor encourage the lessee's business so that both will realize a greater return. The Carter case is inapposite. There the provision was that either party could terminate the lease should the gross sales be less than $50,000 per month for two consecutive months—a forfeiture clause. The evidence suggested that the lessor intended to divert his tenant's business to a competitor in the same vicinity for the sole purpose of reducing the amount of the lessee's gross sales, thereby affording a basis for cancellation of the lease. The lease before us does not contain such a forfeiture clause. This fact alone destroys the value of Carter as authority here.

We conclude that the lower court was compelled by law to rule as it did. Affirmed.

BADT, J., and ZENOFF, D. J., concur.

Because of the disability of Chief Justice McNAMEE, Judge David Zenoff of the Eighth Judicial District Court was commissioned to sit in his place.