18444

Kay MASON, a minor, by her Guardian *ad Litem,* Jessie C. Mason, Respondent, v. S. S. KRESGE COMPANY, Appellant

(146 S. E. (2d) 158)

*Messrs. Ward, Hammett & Howell,* of Spartanburg, *for Appellant,*

*James J. Raman, Esq.,* of Spartanburg, *for Respondent,*

January 5, 1966.

LEWIS, Justice.

The defendant has appealed from an order of the lower court denying its motions to strike certain allegations from the complaint and to make others more definite and certain.

The plaintiff brought this action to recover damages sustained from an alleged slander committed by the manager of defendant's store when he demanded to see the contents of plaintiff's purse as she was leaving the check-out counter of the store on November 2, 1964. The motions of the defendant were directed to certain allegations contained in Paragraphs 5 and 6 of the complaint. These paragraphs alleged as follows:

"5. At the check-out counter the defendant's manager of the Spartanburg store approached the plaintiff and the shopping party in which the plaintiff was in and in a willful and highhanded manner demanded that he be allowed to see the contents of their purses.

"6. That the demand of the defendant's manager to look into their purses including the plaintiff's was made in the hearing of divers persons and imputed to the plaintiff and the others in her party that plaintiff and the others in her party had committed the common law crime of larceny or the statutory version known as shoplifting. That the charge by the defendant's manager was false and defamatory."

The first motion of the defendant sought to have the allegations of Paragraphs 5 and 6 made more definite and certain in the following particulars:

(1) By setting forth verbatim the exact language used by the defendant's manager in demanding that he be allowed to see the contents of plaintiff's purse, upon the ground that it is necessary for defendant to have this information in order to properly prepare its pleadings and for the trial of the case; and

(2) By alleging the name, or names, and addresses of the parties referred to in paragraph 6, in whose presence it is alleged that the slander was made.

The lower court granted the foregoing motion to the extent of requiring the plaintiff to allege the names of the persons in whose presence the slander was made, but denied it in all other respects.

It is now well settled that an order granting or denying a motion to require a pleading to be made more definite and certain is not appealable until final judgment, unless the motion involves the merits. And such an order will be regarded as involving the merits when it deprives a party of a substantial right. *Weldon v. Southern Railway Co.,* 167 S. C. 526, 166 S. E. 723; *Spurlin v. Colprovia Products Co.,* 185 S. C. 449, 194 S. E. 332; *Brogdon v. Britton et al.,* 212 S. C. 75, 46 S. E. (2d) 551; *Oxman v. Profitt,* 241 S. C. 28, 126 S. E. (2d) 852.

The order denying the motion to make more definite and certain did not involve the merits. The ultimate facts sought to be proved are alleged in the complaint and adequately informed the defendant of the exact nature of the charges made. They are confined to the alleged slanderous import, under the circumstances, of the demand by defendant's manager that he be allowed to see the contents of the customer's purse. The statement by the manager is, of course, confined solely to such demand. The failure under such circumstances to require the plaintiff to allege the exact words used by the manager could in no way affect any substantial right of the defendant. Neither was there any prejudice to the defendant by the refusal to require the plaintiff to allege the addresses of the persons in whose presence the alleged slander was made. Such information was purely evidentiary and had no place in the pleadings. The order refusing the motion, therefore, deprived the defendant of no substantial right, and is not appealable before final judgment.

The remaining question involves the appeal from the portion of the order denying the defendant's motion to strike the words "in a willful and highhanded manner" from paragraph 5 of the complaint. Since there is no appealable issue before the court, the order denying the motion to strike is not appealable. *Tate v. Oxner,* 236 S. C. 313, 114 S. E. (2d) 225.

The appeal is accordingly dismissed.

Moss, Bussey and Brailsford, JJ., concur.

Taylor, C. J., did not participate.