18719

R. W. MARSHALL, Respondent, v. D. M. WINTER, Appellant

(157 S. E. (2d) 595)

*Messrs. Lightsey & Bowers, Winter & Winter* and *Frank L. Taylor,* all of Columbia, and *Holland Smith,* of Hampton, and *I. A. Smoak, Jr.,* of Walterboro, *for Appellant,*

*Messrs. Clyde A. Eltzroth* and *Murdaugh, Eltzroth & Peters,* of Hampton, *for Respondent,*

October 30, 1967.

LEWIS, Justice.

Defendant has appealed from an order of the lower court denying motions (1) to require plaintiff to make his complaint more definite and certain and (2) to bring in additional parties to the action.

The complaint alleges that plaintiff and defendant own adjoining lands across which a public highway was at one time established; that plaintiff and his predecessors in title have used the said road as a means of ingress and egress to and from plaintiff's lands for a period of more than one hundred (100) years; and that, about February, 1965, the defendant erected a gate upon and across the road and has since that time kept the same locked, thereby barring plaintiff, his agents and employees, from access to his lands. This action was brought to require defendant to remove the obstruction placed and maintained by him across the road, and for damages for the alleged wrongful interference with plaintiff's access to his property.

The defendant moved for an order requiring plaintiff to make his complaint more definite and certain by alleging whether the road in question is a public or private road,

and by setting forth a clear description of the road which plaintiff claims a right to use. This motion was made upon the ground that such allegations were necessary to enable the defendant to know the nature and extent of the claim asserted by plaintiff.

The right to have the complaint amended by setting forth a description of the road in question was conceded; and the order denying the motion in other respects is not appealable before final judgment since it deprived the defendant of no substantial right. *Mason v. S. S. Kresge,* 247 S. C. 144, 146 S. E. (2d) 158.

While the allegations were rather general, the lower court, upon the basis of the pleadings and affidavits filed, construed the complaint, from which no appeal was taken, as alleging "that at one time the road ran from a public place to a public place, that subsequently a part of the road was abandoned and that plaintiff and his predecessors have continued to use the part of the road now in dispute." Since no appeal was taken therefrom, such construction of the complaint became binding on the parties.

As construed, the complaint alleges that the road in question was originally established as a public road and that a part of it was abandoned, but that plaintiff and his predecessors in title have acquired an easement in the old road as a means of ingress and egress to and from his abutting property. Such allegations state a cause of action under the principles set forth in *Taylor v. Cox,* 218 S. C. 488, 63 S. E. (2d) 470, wherein it is recognized that "upon the abandonment of a public way, abutting property owners may, under some circumstances, have a private easement in the old road as a means of ingress and egress to and from their abutting lands."

The complaint, as construed, adequately informed the defendant of the nature of the claim asserted and the failure to require plaintiff to further characterize the road in question as public or private in no way affected any substantial right of the defendant. The appeal from the

order of the lower court denying the motion to make more definite and certain is accordingly dismissed.

The order of the lower court failed to require that the complaint be amended, in accordance with plaintiff's agreement, so as to set forth a clear description of the road in question and plaintiff has not so amended his complaint. Such must be done however within twenty days from the filing of the remittitur herein, and it is so ordered.

The remaining question concerns the denial of defendant's motion to bring in additional parties to the action. The defendant moved for an order requiring that the lessees of plaintiff's lands, adjoining property owners, and Hampton County be made parties to the action, upon the grounds that such parties are necessary to a determination of the issues and to prevent a multiplicity of suits. The lower court denied the motion as a discretionary matter.

The controversy here is between plaintiff on the one hand and defendant on the other as to the right of plaintiff to use the road in question as a means of ingress and egress to his property. Only the defendant is charged with wrongfully depriving plaintiff of such right. Under these circumstances, adjoining property owners are not necessary parties. *Huggin v. Gaffney Development Co.*, 229 S. C. 340, 92 S. E. (2d) 883; Annotation: 28 A. L. R. (2d) 409.

Neither are plaintiff's lessees necessary parties. Any rights of the lessees are derived from plaintiff and their presence in the action could aid in no respect in determining whether plaintiff and his predecessors in title had acquired an easement in the road.

It is contended that the county should be made a party to the action only "in order that the defendant can be reasonably assured of public maintenance of the alleged easement from the date of any order in this case, if such easement is determined to exist." The enforcement of any obligation of

the county to maintain the road is totally irrelevant to a determination of whether the defendant may lawfully deprive plaintiff of the use thereof.

We think that a complete determination of the issues can be had without bringing in the additional parties named. Therefore, those sought to be brought in are not necessary parties. *Phillips v. Clifton Mfg. Co.*, 204 S. C. 496, 30 S. E. (2d) 146.

Since the named parties are not necessary to a determination of the issues, whether or not they are brought in as parties to the action is ordinarily discretionary with the court. *Fouche v. Royal Indemnity Co. of N. Y.*, 212 S. C. 194, 47 S. E. (2d) 209; *Weinberg v. Weinberg*, 208 S. C. 157, 37 S. E. (2d) 507. We find no abuse of discretion in the refusal of the present motion.

The appeal from the order denying the motion to make more definite and certain is accordingly dismissed, and the judgment in other respects affirmed.

Moss, C. J., and BRAILSFORD, and LITTLEJOHN, JJ., concur.

BUSSEY, J., did not participate.