**H. E. BUTT GROCERY COMPANY,**
Appellant,

v.

**Glenn W. JUSTICE et al., Appellees.**

No. 5173.

Court of Civil Appeals of Texas,
Waco.

Aug. 10, 1972.

Rehearing Denied Sept. 21, 1972.

See also, Tex.Civ.App., 473 S.W.2d 77.

Lewis T. Tarver, Jr., San Antonio, Lyndon L. Olson, Bryan, Wilson, Olson & Stem, Waco, for appellant.

Spafford, Gay & Whitham, Samuel J. Ferro and Donald G. Gay, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant HEB from declaratory judgment holding a restrictive covenant against use of land for the purpose of conducting a foodstore, did not prohibit use of such land for parking, ingress, and egress for and to a grocery supermarket to be located on unrestricted land adjacent to the restricted tract, all in the City of Waco.

Plaintiffs Justice, et al sued defendant HEB for declaratory judgment to construe and declare that a use restriction on plaintiffs' property does not preclude the property's use for parking, ingress and egress for a grocery supermarket to be located on unrestricted land, adjacent to, but not a part of the restricted tract.

Trial before the court resulted in judgment for plaintiffs, declaring the restriction does not preclude use of the restricted tract for parking, ingress, and egress for a grocery supermarket to be located on unrestricted adjacent land.

Defendant appeals on 4 points contending the trial court erred in holding the restriction did not preclude use of the restricted property for parking, ingress, and egress for a foodstore to be located on unrestricted land adjacent to the restricted tract.

Coleridge formerly owned the land now owned by plaintiffs and defendant. In 1968 Coleridge sold defendant the land upon which it now operates its super grocery, and at the same time placed the following use restriction on adjacent land owned by Coleridge.

"For benefit of HEB, its successors and assigns, Coleridge hereby places the following restrictions on * * * against the use of any portion thereof for the purpose of conducting thereon a foodstore or food department for the storage or sale for off-premises consumption of groceries, meats, produce, dairy products, frozen foods, baking products * * *. This covenant and restriction shall run with the land and shall bind Coleridge, its successors and assigns. In the event of the breach of this restrictive covenant HEB, its successors and assigns shall be entitled to obtain relief by injunction or any other modes of legal action permitted by law."

In 1970 Coleridge sold adjacent land to plaintiffs, a portion of which is subject to the foregoing restriction. Plaintiffs desire to sell the land to a developer who will erect a grocery supermarket on land not covered by the restriction, but will use land in the restricted tract for parking for the grocery supermarket (as well as other businesses to be located therein).

A schematic diagram follows:

Proposed Gro.Store

Proposed parking area

Wooded Acres Drive

Bosque Blvd.

Hwy. 6

Restricted Area outlined in black.

HEB parking lot

HEB Store

[A6357]

Plaintiffs knew of the restrictive covenant prior to acquiring their property.

The proposed foodstore will contain 50,000 to 54,000 square feet. Waco City Ordinance requires such a foodstore to have 250 to 275 parking spaces. The proposed foodstore could not be constructed without use of parking facilities in the restricted tract. The sidewalk in front of the main entrance would be located on the restricted tract. Other businesses to be located in the area would also share use of the parking area. Grocery stores customarily provide the service of delivering groceries into the customers car parked in the parking lot, and this service is an element of marketing of foodstores.

In construing the restriction we must give effect to that which is expressly set out, together with that which is neces-

sarily implied, to ascertain the intention of the parties. Any doubt or ambiguity will be resolved against the restriction. Alexander Schroeder Lbr. Co. v. Corona, Tex. Civ.App., NRE, 288 S.W.2d 829; Fischer v. Reissig, Tex.Civ.App., Er.Ref. 143 S.W. 2d 130.

The restriction is *"against the use of any portion thereof for the purpose of conducting thereon a foodstore"*. Manifestly the purpose of such restriction was to prohibit the restricted tract from being used as any necessary part of a competing supermarket with HEB.

The proposed foodstore cannot be conducted without the use of the restricted area. Parking, ingress, egress, delivery of groceries to customers cars, are all under the record essential to conducting the proposed foodstore, and all would take place

on the restricted tract. And the Waco City Ordinance requires the proposed foodstore to have 250 to 275 parking spaces in order to operate. This makes the use of the restricted tract an indispensable and mandatory part of conducting the proposed foodstore. And parking is essential to the use of a building, or to the conduct of a business therein. City of Spring Valley v. Southwestern Bell Telephone Co., Tex., 484 S.W.2d 579.

The parking lot is thus an integral part of the proposed operation. The foodstore cannot be conducted without it. And the fact others may share in its use does not change this situation.

■ Parking, ingress, and egress are all necessary and integral parts of the conducting of the proposed foodstore, and are prohibited on the restricted tract by the plain language of the restrictions. Thus any use of the restricted tract for parking, ingress, and egress in connection with the proposed foodstore to be located on adjacent unrestricted premises, is violative of the restrictions. Maryland Trust Co. v. Tulip Realty Co., 220 Md. 399, 153 A.2d 275; Savon Gas Stations No. 6 Inc. v. Shell Oil Co., 4th Cir., 309 F.2d 306; McInerney v. Sturgis, 37 Misc.2d 302, 234 N.Y.S.2d 965; Mellitz v. Sunfield Co., 103 Conn. 177, 129 A. 228; Laughlin v. Wagner, 146 Tenn. 647, 244 S.W. 475; In Centers, Inc. v. Gilliland, 285 Ala. 593, 234 So.2d 883; Bennett v. Consolidated Realty Co., 226 Ky. 747, 11 S.W.2d 910.[1]

Defendant's contention is sustained.

The judgment is reversed, and judgment rendered declaring plaintiffs' proposed use of the restricted tract violative of the restricted covenants.

Reversed and rendered.

1. See also: Siciliano v. Misler, 399 Pa. 406, 160 A.2d 422, 80 A.L.R.2d 1253 et. seq.: 620 Am.Jur.2d p. 788, which reflect conflicting lines of authority.