19955

EHRHARDT TRACTOR AND IMPLEMENT COMPANY, INC.,
Respondent, v. Perstine PATTERSON, Appellant
(211 S. E. (2d) 874)

*Messrs. William C. Anderson, Jr.,* and *Murdaugh, Eltz-roth & Peters,* of Hampton, *for Appellant,*

*G. H. Kearse, Esq.,* of Allendale, *for Respondent-Ehrhardt Tractor & Implement Co., Inc.,*

*Messrs. Henderson, Salley, Bodenheimer & Lynn,* of Aiken, *for Respondent-John Deere Company.*

February 6, 1975.

LEWIS, Justice:

Plaintiff, a dealer in John Deere farm machinery, brought this action to recover from defendant on an account for "certain farm equipment and services", representing mainly the balance due for a John Deere combine and cornheader attachment. The defendant admitted in his answer that he had purchased the equipment from plaintiff and had not completed payment therefor. He alleged however that there had been a failure of consideration in that he had sustained personal injury from defects in the machinery and breach of warranty as to its fitness and, for that reason, he did not owe plaintiff any amount.

Along with his answer, defendant served a counterclaim against plaintiff, the dealer, and a cross complaint against John Deere Company, the manufacturer, to recover for the personal injuries sustained from the operation of the particular farm machinery. The counterclaim and cross complaint are based upon alleged negligence in the maintenance, manufacture and design of the equipment which caused the personal injuries to defendant. In addition, the cross complaint alleges breach of an implied warranty on the part of John Deere. Defendant moved to join John Deere Company as a party defendant for the purpose of maintaining the cross complaint in this action. The lower court denied the motion and defendant has appealed from that ruling.

The question to be decided is whether the lower court erred in refusing to make John Deere Company a party defendant, so as to allow defendant to prosecute the cross complaint to recover for personal injuries sustained as a result of alleged defects in the machinery and breach of warranty as to its fitness.

It is agreed that the combine and cornheader were manufactured by John Deere and sold by its dealer, the plaintiff, to defendant on September 22, 1967. About four (4) days later, on September 26, 1967, defendant, while operating the equipment, was involved in an accident in which he lost both legs.

When the equipment was sold in September 1967, it was financed in the name of defendant, but was subsequently repossessed with title becoming vested in plaintiff. Thereafter, in 1969, the equipment was "repurchased or refinanced" by defendant *and* one Joe Buckner, but placed in the name of Joe Buckner alone. At that time a debit of $1,000.00 was entered on defendant's account with the plaintiff. The agreed Statement contains the following: "It would appear from reviewing plaintiff's ledger sheet of Perstine Patterson's (defendant's) account that Perstine Patterson was not indebted to plaintiff prior to 1969."

We must construe the foregoing statement "it would appear . . . that Perstine Patterson (defendant) was not indebted to plaintiff prior to 1969" to mean that such fact is admitted. The issues in this appeal must therefore be determined upon the foregoing admission that the indebtedness upon which plaintiff's action is based was contracted in 1969, approximately two years after the accident out of which the cause of action asserted in defendant's counterclaim and cross complaint arose.

The controlling statutory provisions are found in Sections 10-219 and 10-203 of the 1962 Code of Laws, the pertinent parts of which are as follows:

"Section 10-219:

. . . when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in.

"Section 10-203:

Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein."

The joinder of parties under the provisions of Section 10-219 is mandatory; while joinder under the conditions set forth in Section 10-203 is permissive and within the discretion of the court. *Weinberg v. Weinberg,* 208 S. C. 157, 37 S. E. (2d) 507; *Marshall v. Winter,* 250 S. C. 308, 157 S. E. (2d) 595.

Admittedly, the alleged claim of defendant against John Deere arose about two years prior to the creation of the indebtedness which forms the basis of plaintiff's cause of action. The prior acts which allegedly resulted in defendant's injury involved a completely different transaction and simply had no relation or possible connection to the subsequent debt alleged in the complaint.

Therefore, the presence of John Deere is unnecessary to a complete determination of the controversy between plaintiff and defendant and joinder was not mandatory under the provisions of Section 10-219. Nor, under these facts, could the refusal to join John Deere pursuant to Section 10-203 constitute an abuse of discretion.

Judgment affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.