## 20425

Harriette G. HUNNICUTT, Mary P. Kirby, Clyde W. Hanes, Robert A. Griggs, F. Lawton Irick, Jr., L. O. Tucker, John J. Koopman, R. E. Shuler, R. H. Cauthen, Respondents, v. Robert C. RICKEN-BACKER, Jr., and Judith M. Rickenbacker, Appellants.

(234 S. E. (2d) 887)

512

*Messrs. Furman R. Gressette,* and *Charles H. Richardson,* of *Gressette & Gressette,* St. Matthews, *for Appellants,*

*Messrs. Horger, Horger & Barnwell,* of Orangeburg, *for Respondents,*

May 12, 1977.

Lewis, Chief Justice:

This appeal is from an order of the lower court permanently enjoining appellants from the commercial use of a lot owned by them and directing that a building constructed on the property by appellants be removed within one hundred twenty (120) days.

Appellants and respondents own lots in Homestead Acres, a residential subdivision in the Town of Holly Hill, South Carolina. While appellants argue that there was no proof of the fact, their answer conclusively admits that "plaintiffs and defendants own certain property

heretofore conveyed by Mary Graham Wiggins to S. J. Mc-Coy, *et al.* . . . and the lands thereby conveyed . . . had a general scheme and plan adopted for them with certain restrictions and conditions designated in the conveyance . . . one of which was that the property was not to be used for commercial purposes." Appellants' answer further admits "the purchase of the property with notice of restrictions and conditions in the conveyance." The existence of the restrictions against commercial use, established in accordance with the general plan and scheme of the common grantor, was, therefore, admitted, rendering further proof thereof unnecessary.

Although their deed was subject to the restriction that "no portion of the property . . . conveyed . . . shall be used for commercial purposes," appellants began construction of a commercial type building on their lot about October 1974 to be used for commercial purposes. Construction of the building was continued over the objections of respondents and was prosecuted to near completion, when construction was stopped by a temporary restraining order issued by the lower court after respondents instituted this action.

The complaint of respondents sought a permanent injunction against appellants' use of the property for commercial purposes. Subsequently, prior to a hearing on the merits, a motion by respondents to amend the complaint, so as to also seek a mandatory injunction requiring the removal of the structure which appellants had already constructed, was granted in the proper exercise of the court's power under Code Section 10-692 to grant amendments to the pleadings, either before or after judgment, in furtherance of justice.

The appellants alleged in their answer, by way of defense, that the restrictions against commercial use had been abandoned; that there has been such radical changes in the neighborhood as to destroy the purposes of the restrictions; that respondents are estopped to bring this action because of their own engagement in commercial ac-

tivities in the area; that respondents were guilty of laches; and that the equities are in appellants' favor. Appellants also interposed a counterclaim in the amount of $20,000.00.

The trial judge, after hearing the testimony, decided all factual issues in respondents' favor and permanently enjoined appellants from using their property for commercial purposes. This involved findings that the restriction against commercial use had not been abandoned and that, with only one or two minor inconsequential exceptions, the neighborhood had retained its residential character in accordance with the original general plan and scheme adopted by the common grantor. The evidence amply sustains these findings. There was no evidence to sustain appellants' contention that respondents were barred by laches or estoppel from asserting their right to have the restriction enforced. The trial judge, therefore, correctly issued a permanent injunction against the use of appellants' property for commercial purposes.

Affirmance of the permanent injunction renders unnecessary any consideration of the question raised as to the propriety of the order granting a temporary restraining order.

While the permanent injunction was properly granted, the issuance of a mandatory injunction for the removal of the structure was not justified under the present facts.

The governing legal principles are stated in 20 Am. Jur. 2d, Covenants, etc., Section 328:

"The right to enforce a restrictive covenant is not limited to mere preventive action, but will, in a proper case, extend to requiring a defendant, by mandatory injunction, to repair an injury already done, or to remove a structure already erected . . .. However, it is not every case of a structure erected in violation of a restriction which will call for such relief. The issuance of a mandatory injunction depends upon the equities between the parties, and it rests in the sound

judicial discretion of the court whether such an injunction should be granted. Where a great injury will be done to the defendant, with very little if any to the plaintiff, the courts will deny equitable relief.

"A structure erected in violation of restrictive covenants will not be required to be destroyed if it can be utilized for any purpose within the restrictions."

The trial judge based the issuance of the mandatory injunction upon two main grounds: (1) the conclusion that it would be impractical to convert the building in question to residential use and (2) the alleged bad faith of appellants. As to the first, appellants contend that the structure can be utilized for residential purposes and no sound reason appears to deny them the privilege of saving their investment, if they can. Certainly no damage can result from affording them the opportunity to try to make the necessary changes to conform to the restrictions. As to the second ground, the record fails to sustain the trial judge's finding of bad faith on the part of appellants. The record sustains the conclusion, on the other hand, that appellants relied upon the advice of their attorney that the structure and use was within their rights. The fact that they took the advice of their attorney instead of heeding the warnings of respondents is no basis for a finding of bad faith so as to justify the demolition of the structure, at least, until such time as they are given the opportunity to exhaust efforts to preserve their investment by changing the structure to conform to a lawful use.

Appellant also questions the order settling the case for appeal. In view of the issues raised, we conclude that the record as ordered by the lower court was proper and these exceptions are overruled.

Neither was it error to refuse appellants' motion to bring in, as additional parties, individuals who, allegedly, were also using their property in the area for commercial purposes. These were not necessary parties and their joinder was discretionary. *Marshall v. Winter,* 250

S. C. 308, 157 S. E. (2d) 595. The refusal to join them was not an abuse of discretion.

Accordingly, so much of the order under appeal as grants a permanent injunction against the use of the property in question for commercial purposes is affirmed; while that portion which grants a mandatory injunction requiring the removal of the building from the property is reversed and the cause remanded to the lower court for the issuance of an order giving appellants the alternative of converting the structure to conform wtth the restrictions or removing it from the property within one hundred twenty (120) days from the service of such order.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

NESS, J., concurs in result only.

NESS, Justice (concurring):

I concur in result only as I am in agreement with the trial judge that the conversion of the buildings into apartments is impractical. It is uncontradicted that the major work on the building was accomplished during the continuance of the hearing for a temporary injunction. I would order a removal of the building and do not dissent for the reason that the majority's view probably will accomplish this result.