0688

Richard A. WYNOCK and Marie F. Wynock, Respondents v.
M. N. CARROLL, Appellant.
(345 S. E. (2d) 503)

Court of Appeals

*George W. Cox, Jr.* and *G. Michael Smith,* both of Myrtle Beach, *for appellant.*

*Howell V. Bellamy, Jr.,* and *Henrietta U. Golding,* both of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* both of Myrtle Beach, *for respondents.*

Heard March 17, 1986.

Decided April 28, 1986.

GARDNER, Judge:

The complaint of Richard A. Wynock and Marie F. Wynock (the plaintiffs) alleged two causes of action against Carroll (the defendant), viz., (1) an action for nuisance seeking actual and punitive damages and (2) injunctive relief requiring the defendant to alter or remove a part of a parking facility in order to conform with the building code of the City of Myrtle Beach. The jury awarded the plaintiffs one dollar actual damages and $25,000 punitive damages in the tort case. The matter of injunction was then heard and the trial judge enjoined and restrained the defendants from utilizing or permitting the utilization of a parking facility and access ramp until such time as the entire parking structure was in compliance with the zoning ordinances of the City of Myrtle Beach and all applicable provisions of the *Standard Building Code* which is incorporated in the building ordinances. The trial court further ordered that all portions of the parking garage within a 15-foot set-back line from the common property line between the parties be removed within 90 days from the date of the order; compliance with the standard building code was ordered to be within 180 days from the date of the order. We affirm.

The defendant constructed a parking facility in violation of the city's zoning and building ordinances. The plaintiffs own and operate a motel on property adjacent to that on which the defendants erected the parking facility. The city's building code required for construction a 15-foot set-back line from plaintiffs' property. The parking ramp of the parking facility was erected about one foot from the plaintiffs' property. During the construction, when about one-fourth of the construction of the parking facility had been completed, the plaintiffs and the City of Myrtle Beach ad-

vised the defendant that the parking ramp was too close to the plaintiffs' motel, i.e., in violation of the 15-foot set-back requirements of the city. The defendant, nevertheless, completed construction of the facility. There is expert testimony of record that the noise level from the parking facility is "horrendous"; Mr. Wynock testified that (1) the noise disturbed his motel guests to the extent that some checked out early, (2) the facility was a continuous source of trash and debris and (3) water drains from the parking deck onto the plaintiffs' property.

At issue on appeal are whether the trial court erred by (1) ordering defendant to remove his access ramp and that portion of his parking facility within the set-back area, and (2) failing to apply the doctrine of balancing of conveniences in deciding the injunction issue.

First, as to question one, defendant relies on the case of *Hunnicutt v. Rickenbacker*, 268 S. C. 511, 234 S. E. (2d) 887 (1977); there a commercial structure existed in which the Supreme Court afforded its owner the opportunity to revamp the building to comply with the residential restrictions. This case is inapposite to *Hunnicutt*. The trial court found, and we agree with his finding, that removal is the only remedy. The City of Myrtle Beach has a procedure by which a variance may be requested; however, the defendant has already requested a variance as to the set-back line; his request was denied. We find no merit to question one and so hold.

Next, in determining the appropriateness of injunctive relief, the courts balance the equities between the parties and are committed to the relative hardship or a balance of convenience standard. So, ordinarily, on application for injunctive relief, the court will, in the exercise of the wide discretion with which it is vested, take into consideration the relative inconvenience, hardship, or injury, which the parties will sustain by the granting or refusal of an injunction. 43 C. J. S. *Injunction* Section 35 (1978).

The appealed order implicitly considered the balance of conveniences doctrine. We reject defendant's argument that the trial judge should have explicitly dealt with the doctrine.

This court has considered the entire record and find no abuse of discretion in the injunctive relief of the appealed order. Accordingly, we affirm.

Affirmed.

SANDERS, C. J., and BELL, J., concur.