THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cracker Barrel Old Country Store, Inc., Appellant,
 
 
 

v.

 
 
 
 J.C. Faw, Appellant,
 Denny's Inc., Respondent.
 
 
 

Appeal From Spartanburg County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2007-UP-053
Heard November 9, 2006  Filed February 7, 2007

AFFIRMED

 
 
 
 Thomas L. Stephenson and Brian T. Price, both of Greenville, for Appellant.
 William B. Darwin, Jr. and Robert M. Barrett , both of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Cracker Barrel and J.C. Faw appeal from the trial courts order granting summary judgment to Dennys, Inc., in which the court held a deed restriction prohibiting the use of the burdened property for any family style or sit down restaurant prohibited Cracker Barrel from building and operating a restaurant on adjoining, unburdened property when the burdened property would be used for access to the restaurant.   We affirm.  
FACTUAL/PROCEDURAL BACKGROUND
In June of 1992, Dennys purchased a piece of property on Highway 290 in Spartanburg County from the Spartangreen Neighborhood Associates Group (SNAP) for construction and operation of a family style restaurant.  As part of this conveyance, SNAP imposed restrictive covenants in favor of Dennys on remaining property along or near Highway 290.  The Declaration of Restrictive Covenants provided: neither all nor any portion of the Burdened Property shall be used for any family style or sit-down restaurant business.  The covenants did not prohibit the use of the property as a fast-food restaurant, employee cafeteria, vending machine food dispensary, or snack bar operated in connection with a convenience store.  
In January of 2001, J.C. Faw acquired from SNAP and the South Carolina Department of Transportation a 3.2 acre tract, which consisted of a  portion of the burdened property, Parcel F, as well as two unburdened parcels, Parcels A and E.  The restricted property, Parcel F is a narrow strip bordering SpartanGreen Boulevard, a two-lane road providing access to Highway 290.  Faw subsequently entered into negotiations with Cracker Barrel for sale of the 3.2 acre tract.  It is undisputed that Cracker Barrel would build and operate a family style or sit down restaurant on Parcels A and E.  The only means of access to this restaurant would be across Parcel F to SpartanGreen Boulevard.  Dennys restaurant is across SpartanGreen Boulevard from the proposed Cracker Barrel restaurant site.    
Cracker Barrel was aware of the restriction on Parcel F and recognized that if its title insurance company could not insure over the restricted parcel, it may have a deal breaker situation.  In an effort to evade the restriction, Faw and Cracker Barrel attempted to dedicate Parcel F to the County of Spartanburg.  The county declined the offer, but the Town of Duncan subsequently agreed to the dedication if the remainder of the property was annexed into the town.[1]  
In March of 2004, Cracker Barrel and Faw executed a real estate sale contract for the property.  The contract provided for a reduced acreage due to the proposed dedication to the Town of Duncan.  It also required Faw to remove the deed restriction within an allotted time.  When Dennys learned of Cracker Barrels plans, it raised its objections to the development of the restaurant and warned that it would seek legal action if the sales agreement continued. 
Cracker Barrel brought this declaratory judgment action in February of 2005 asking the court to find the restriction did not prevent Cracker Barrel from constructing its restaurant on the unrestricted property or using the property subject to the restriction in order to access SpartanGreen Boulevard.  Dennys answered and asserted cross claims again Faw and the Town of Duncan seeking injunctive relief to uphold the restriction as well as actual and punitive damages against Faw.  Faw subsequently attempted to terminate the sales contract. 
Dennys filed a motion for summary judgment, which the trial court granted.  The court noted Cracker Barrel could not operate the proposed restaurant without the use of Parcel F for access and this use violated the restriction.  It held deeding the property to the Town of Duncan or any other governmental entity would not eliminate the restriction, and thus would not nullify Cracker Barrels prohibited use of the property.  In addition, the court found the equities in the case weighed overwhelmingly in favor of enforcing the restriction.  Thus, the court enjoined Faw from selling the property to Cracker Barrel, and declared that the deed restriction on Parcel F prohibits the use of the entire tract for a sit down or family style restaurant.  This appeal followed.
DISCUSSION
Cracker Barrel argues the trial court erred in enjoining the property for its restaurant.  We disagree.  
As restrictive covenants are contractual in nature, the paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document.  Taylor v. Lindsey, 332 S.C. 1, 4, 498 S.E.2d 862, 863-64 (1998).  The court in Taylor elucidated:

 The court may not limit a restriction in a deed, nor, on the other hand, will a restriction be enlarged or extended by construction or implication beyond the clear meaning of its terms even to accomplish what it may be thought the parties would have desired had a situation which later developed been foreseen by them at the time when the restriction was written.   It is still the settled rule in this jurisdiction that restrictions as to the use of real estate should be strictly construed and all doubts resolved in favor of free use of the property, subject, however, to the provision that this rule of strict construction should not be applied so as to defeat the plain and obvious purpose of the instrument.  

Id.  at 4, 498 S.E.2d at 864 (internal quotations and citations omitted).
In the present case, the language of the restriction is clear and unambiguous.  Thus, we must enforce the language of the restriction in accordance with its plain meaning.  See Heape v. Broxton, 293 S.C. 343, 345, 360 S.E.2d 157, 158 (Ct. App. 1987) (Where the language used in a restrictive covenant is unambiguous, there is no room for construction and the language must be enforced in accordance with its plain meaning.).
The Texas Court of Civil Appeals addressed a similar issue in H. E. Butt Grocery Company v. Justice, 484 S.W.2d 628 (Tex. Civ. App. 1972).  In that case, a restrictive covenant made for the benefit of HEB prohibited the use of any portion thereof for the purpose of conducting thereon a food store or food department . . . .  Id. at 629.  The plaintiffs sought to sell their land to a developer who would erect a grocery store on land not covered by the restriction but would use land in the restricted tract for parking, ingress, and egress.  The Texas court explained the purpose of the restriction was to prohibit the restricted tract from being used as any necessary part of a competing supermarket with HEB.  Id. at 630.  It found the proposed food store could not be conducted without the use of the restricted area as ingress and egress as well as parking and delivery or groceries to customers cars were essential to conducting the proposed food store, and all would take place on the restricted tract. Id. at 630-31.  Thus, the court held the proposed use of the restricted tract was violative of the covenant.  Id. at 631.
The Florida District Court of Appeals, relying on the above case, found a restrictive covenant that prohibited the property from being used as a pharmacy prevented a Walgreens Pharmacy from using the restricted property for parking, ingress, and egress to the store it sought to build on adjoining, unrestricted property. Eckerd Corp. v. Corners Group, Inc., 786 So.2d 588 (Fla. Dist. Ct. App. 2000).      
Similarly, the Colorado Court of Appeals held a restriction imposed by Burger King that provided the premises will not be used or be permitted to be used directly or indirectly for a fast-food restaurant prevented a neighboring McDonalds from using the property for parking and access.  Sawdey v. Kopas Corp., 495 P.2d 1153 (Colo. Ct. App. 1972).  The court found the language of the covenant was clear and unambiguous and forbid the use of the land for parking and access when such use is an incident to the prohibited use of the land as a fast-food restaurant.  Id. at 1154.  
Cracker Barrel relies on the Supreme Court of Nevadas decision in Nevada Food King, Inc. v. Reno Press Brick Company, 400 P.2d 140 (Nev. 1965). In that case, Nevada Food King leased property for a grocery store and had the following provision included in the lease: Lessor shall not lease any property owned by it in that general vicinity for operation of a retail grocery, or meat market, nor shall itself operate the same.  Id. at 140.  The lessor sought to develop a shopping center which would include a supermarket on property adjacent to the property defined as the general vicinity in the lease.  The lessor sought a declaration that the proposed shopping center development would be provided with access through, and parking upon, property located with the general vicinity area.  Id.  The court found the covenant was silent as to parking and did not restrict assess to a supermarket located on adjacent property or parking thereon. Id. at 142.    Relying on the maxim expressio unius est exclusio alterius  the expression of one thing excludes others- the court held the restriction did not prohibit parking and access on the property.  Id.
In Nevada Food King, the restriction included the much narrower term operate.  In contrast H. E. Butt and the other cases involved the broader term use and held that use of restricted land for access constituted a violation of covenants restricting property from use as certain businesses even though the buildings of the businesses were located on unrestricted properties.  We find these cases persuasive.    We hold the use of Parcel F for access to a Cracker Barrel is essential to the prohibited use of the land for a sit-down or family style restaurant.  As the trial court found, Parcel F would directly benefit the proposed Cracker Barrel restaurant by affording access to it, and would represent an integral and valuable part of the restaurants business.  Such a use violates the plain meaning of the language of the restrictive covenant.  Accordingly, we rule the trial court did not err in concluding the restriction prevented Cracker Barrel from operating a sit down or family style restaurant on Parcels A and/or E as Cracker Barrel would have no alternative but to use Parcel F for access to the restaurant.[2]     
Cracker Barrel contends that when balancing the equities, the restrictive covenant should not be enforced.  

 The issuance of a mandatory injunction depends upon the equities between the parties, and it rests in the sound judicial discretion of the court whether such an injunction should be granted.  Where a great injury will be done to the defendant, with very little if any to the plaintiff, the courts will deny equitable relief.  

Hunnicutt v. Rickenbacker, 268 S.C. 511, 515-16, 234 S.E.2d 887, 889 (1977).  In Honnicutt, the court reversed a portion of an order that granted a mandatory injunction requiring the removal of a commercial building erected in violation of restrictive covenants.  Instead, it allowed the appellants the opportunity to convert the building to residential use to be in compliance with the restrictions.  Id. at 517, 234 S.E.2d at 890.  
In the present case, Cracker Barrel has not begun construction of its restaurant or even closed on the property.  The damages it would sustain due to enforcement of the restriction would be minimal.  In addition, Faw, the present owner of the property, would not be damaged.  Barry Bush, Faws Director of Real Estate, testified the property was worth more than the $1,330,000 price set forth in the contract with Cracker Barrel.  Although Faws property could not be used for a family style restaurant, it could be used for any other type of business.  
Cracker Barrel asserts the fact that since the restriction was filed the property lost access to Highway 290 pushes the equities substantially in its favor.  We disagree.  Dennys bargained for the restriction to protect its business from similar competition.  This restriction included the land fronting SpartanGreen Boulevard known as Parcel F.  The proposed Cracker Barrel would be directly across SpartanGreen Boulevard from Dennys restaurant with access across the restricted property.   If Cracker Barrel were allowed to use Parcel F for access, Dennys would lose the benefit of the bargain it made when creating the restriction.  Cracker Barrel does not contend the restriction against competition is unreasonable and in fact included a similar restriction in its contract with Faw.  We agree with the trial court that the equities weigh in favor of enforcing the restriction.  
CONCLUSION
For the above stated reasons, the order of the trial court is 
AFFIRMED.  
ANDERSON, HUFF, and BEATTY, concur. 

[1] On December 14, 2004, Faw executed a deed conveying Parcel F to the Town of Duncan.  The deed was not recorded and the Town agreed to give the property back if the Cracker Barrel contract could not close.  
[2] Cracker Barrel does not challenge the trial courts ruling that deeding the property to the Town of Duncan or any other governmental entity would not eliminate the restriction.  Accordingly, that ruling is the law of the case.  See Charleston Lumber Co. v. Miller Housing Corp., 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (stating an unappealed ruling, right or wrong, is the law of the case and requires affirmance).