22294

Charles R. WILLIAMS, Respondent, v.
Linda T. WILLIAMS, Appellant.

(329 S. E. (2d) 751)

Supreme Court

*D. Kenneth Baker* and *Dorothy L. Mobley*, Darlington, *for appellant.*

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for respondent.*

Heard March 27, 1985.

Decided April 23, 1985.

LITTLEJOHN, Chief Justice:

In this child custody case the family court changed custody from appellant wife, Linda T. Williams, to respondent husband, Charles R. Williams, under the Uniform Child Custody Jurisdiction Act, § 20-7-782, *et seq.* We affirm.

The couple married and lived in North Carolina before their separation in 1975 when the wife moved to Florence, South Carolina with their six year old son.

In 1977 the North Carolina court issued its decree of final divorce and incorporated a South Carolina custody agreement giving custody to the wife.

The wife instituted a URESA action against the husband in 1981 seeking an increase in child support as well as arrearages. Subsequently, the husband petitioned the family court in South Carolina for a change of custody.

In 1982 the husband moved *ex parte* before the North Carolina court to transfer jurisdiction of the custody case to South Carolina. The North Carolina court ruled since the mother and child had lived in South Carolina for seven years, South Carolina was the home state and the more convenient forum under UCCJA.

The South Carolina family court ruled it had jurisdiction and issued its order changing custody from appellant wife to respondent husband.

The wife first alleges South Carolina did not have jurisdiction to hear the custody case under UCCJA. We disagree.

Since the wife and child have been permanent residents of South Carolina for seven years prior to this action, we hold South Carolina was the home state and the more convenient forum under UCCJA. An alleged impropriety of the *ex parte* North Carolina order waiving jurisdiction was not appealed in North Carolina which precludes our review under the full faith and credit clause.

Appellant next contends the family court erred in changing custody. We disagree.

The record reflects before her divorce was final, the wife became and still is the mistress of a wealthy married man. She is unemployed and has no means of support other than the generosity of her married lover.

The husband, on the other hand, has remarried and can provide a stable family environment in which to raise his son.

Additionally, the child, now thirteen years old, preferred to live with his father and visit his mother.

We hold the family court properly transferred custody in the best interest of the child.

Appellant's other exceptions are without merit and are affirmed under Rule 23.

Affirmed.

GREGORY, HARWELL and CHANDLER, JJ., and Acting Associate Justice RALPH KING ANDERSON, Jr., concur.