0637

David D. McGEE, Appellant v. Valerie H. McGEE, Respondent.

(340 S. E. (2d) 571)

Court of Appeals

*Randall M. Chastain,* Columbia, *for appellant.*

*John L. Creson* of *Surrett, Walker, Creson & Colley,* Augusta, *for respondent.*

Heard Dec. 11, 1985.

Decided Feb. 18, 1986.

SHAW, Judge:

Respondent wife Valerie H. McGee instituted a contempt action against appellant David D. McGee, her former husband, for allegedly failing to comply with prior court orders. The husband answered and counterclaimed for change of custody of the parties' younger son. The wife replied claim-

ing the family court lacked jurisdiction over the custody issue because she and the younger son had been residents of Georgia for five years. The parties agreed to a bifurcated proceeding so the court could first determine whether it had jurisdiction over the custody issue. The court determined it lacked jurisdiction and, even if it had jurisdiction, South Carolina was an inconvenient forum. The husband appeals and we affirm.

The parties were divorced on May 19, 1977, in South Carolina. The decree reaffirmed the court's prior custody decree of January 12, 1976, establishing the husband as custodial parent of the parties' older son, George David McGee. The same decree established the wife as custodial parent of the parties' younger son, Kenneth D. McGee.

The wife, in her contempt action, alleges the husband denied her visitation rights with the older son. The wife also alleges the husband refused to file certain claims or pay the reimbursements to her in connection with health insurance the husband is required to maintain for both children.

The family court found, based on the facts, it did not have jurisdiction over the custody issue pursuant to the Uniform Child Custody Jurisdiction Act, S. C. Code Ann. §§ 20-7-782 to -830 (1985). The court further found, even if it had jurisdiction, it should decline to exercise jurisdiction based on the facts and pursuant to § 20-7-796.

The husband claims the family court erred in finding it lacked jurisdiction over the custody issue. We need not address this contention because, even assuming the family court had jurisdiction, we find it acted within its discretion in declining jurisdiction under § 20-7-796(a). That section reads:

> A court which has jurisdiction ... may decline to exercise its jurisdiction ... if it finds that it is an inconvenient forum ... under the circumstances of the case and that a court of another state is a more appropriate forum.

The parties were divorced in South Carolina. The husband and older son reside in South Carolina. However, the wife and younger son have lived in Georgia for five years. The younger son is the subject of the husband's counterclaim. As

the family court noted, the child has attended school in Georgia for three years; all of his recent medical records are in Georgia; all of his extracurricular activities are centered in Georgia; and thus those people most familiar with the child's present condition such as teachers, friends, and neighbors are in Georgia. Section 20-7-796(c)(1)-(5) enumerates factors which a court may consider in determining if it is an inconvenient forum. We find the family court thoroughly weighed these factors along with evidence of the child's connections to South Carolina. We find no abuse of discretion in his decision Georgia is a more appropriate forum for the custody issue.

Finally, the husband contends the wife may not challenge the South Carolina court's jurisdiction of the custody issue since she initially invoked the court's jurisdiction with a contempt action. We disagree. The basis of the wife's contempt action is the husband's alleged noncompliance with an order from the South Carolina court. Thus, the wife could not bring a contempt action in another jurisdiction. Only "the court offended has the power to punish for the contempt or to entertain proceedings to that end." *Ogletree v. Watson*, 223 Ga. 618, 157 S. E. (2d) 464, 465 (1967). Furthermore, the wife did not raise the custody issue. She merely sought to enforce prior orders in the only forum available to her.

Affirmed.

GOOLSBY and HOWELL, JJ., concur.