0745

The CITY OF AIKEN, Appellant v. Roy E. COLE and Mrs. Roy E. Cole, Respondents and The CITY OF AIKEN, Appellant v. Larry F. LOWE, Respondent.

(345 S. E. (2d) 760)

Court of Appeals

*James M. Holly,* Aiken, *for appellant.*

*C. LaVaun Fox,* Aiken, *for respondents.*

Heard May 21, 1986.

Decided June 30, 1986.

SANDERS, Chief Judge:

Appellant City of Aiken brought separate actions against respondents Roy E. Cole and Mrs. Roy E. Cole and Larry F. Lowe seeking mandatory injunctions requiring them to remove television satellite dish antennas from the front yards of their respective residences. The cases were consolidated by agreement and referred to the Master in Equity for Aiken County. The Master issued his report recommending that an injunction be issued in both cases as sought by the City. Mr. and Mrs. Cole and Mr. Lowe excepted to the report of the Master. The Circuit Court issued its order overruling the Master and entering judgment for Mr. and Mrs. Cole and Mr. Lowe. We affirm.

In its complaint, the City asserted two grounds for the injunctions which it sought: the first, that the antennas were erected in violation of its zoning ordinance and the second, that they were erected without the building permit required by another of its ordinances. Mr. and Mrs. Cole and Mr. Lowe answered denying the antennas were erected in violation of the zoning ordinance, denying building permits were required by the other ordinance and denying the City was entitled to the injunctions.[1]

The city first argues the Circuit Court erred in holding its zoning ordinance was not applicable to television satellite dish antennas.

The Circuit Court ruled in its order that the City has the right to regulate the placement of these antennas but further ruled that the ordinance existing at the time did not prohibit their erection in the front yards of residences. After the order of the Circuit Court was issued and while these cases were pending on appeal, the City adopted an amendment to its zoning ordinance specifically prohibiting these antennas except in rear yards. However, this amendment also specifically provides that any previously existing antennas may continue for a period of five years.[2] Thus, the issue of whether the City is now entitled to an injunction requiring the removal of the antennas because they were erected in violation of its zoning ordinance is moot. We cannot address an issue which is moot. *See Nolas Trading Co. v. South Carolina Department of Health and Environmental Control,* 345 S. E. (2d) 507 (S. C. Ct. App. 1986) ("[I]ssues which have become moot are not a proper subject of review."); *cf. National Council of Jewish Women v. Cobb County,* 247 Ga. 198, 275 S. E. (2d) 315 (1981) (the Court held an appeal from an order enjoining the violation of a zoning ordinance by establishing a youth home in a

---

[1] Mr. and Mrs. Cole and Mr. Lowe also alleged in their answer that the Federal Communications Commission had exclusive jurisdiction to regulate the antennas and that to restrict their installation would violate their first amendment rights. However, the Circuit Court did not base the result which it reached on either of these allegations.

[2] In oral argument before us, the attorney for the City called this amendment to our attention and consented to its being made a part of the record on appeal. His candor in doing so is in the best tradition of the Bar and we commend him for it.

single family residential zone was rendered moot by plans to move it to a multifamily residential zone even though there were future plans to move it back into a single family residential zone).

The City next argues the Circuit Court erred in holding that a building permit was not required for the erection of the antennas.

The building code of the City, which exists separate and apart from its zoning ordinance, requires a permit be obtained prior to the construction of a "structure." The code defines the term "structure" as "that which is built or constructed." It therefore appears that a building permit was technically required for their erection just as a permit would technically be required for the erection of say, a basketball goal or a swing set or a birdbath or perhaps even those artifical pink flamingos which grace front yards everywhere. Nevertheless, we affirm the result reached by the Circuit Court denying an injunction requiring the removal of the antennas.

When the equities between the parties here are considered, an injunction requiring the removal of the antennas would not be a proper remedy merely for the failure to obtain a building permit. *See Wynock v. Carroll*, 345 S. E. (2d) 503 (Ct. App. 1986) ("[I]n determining the appropriateness of injunctive relief, the courts balance the equities between the parties and are committed to the relative hardship or a balance of convenience standard."); *cf. Hunnicutt v. Rickenbacker*, 268 S. C. 511, 234 S. E. (2d) 887 (1977) (based on the equities between the parties, the Court reversed a portion of an order which granted a mandatory injunction requiring the removal of a building erected in violation of restrictive covenants).

The City finally argues the order of the Circuit Court cannot be affirmed on the ground that an injunction is not a proper remedy because no exception was taken to the report of the Master on this ground. We reject this argument. The judgment in this case was entered by the Circuit Court, not the Master. We can affirm a judgment on

any ground appearing in the record. Rule 4, § 8, Rules of Practice in the Supreme Court of South Carolina.[3]

Accordingly, the order of the Circuit Court is

Affirmed.

SHAW and BELL, JJ., concur.

---

[3] The decision whether to grant or deny an injunction is ordinarily left to the sound discretion of the Circuit Court. *Metts v. Wenberg*, 158 S. C. 411, 155 S. E. 734 (1930). Here, the decision of the Circuit Court to deny an injunction was not based on the exercise of its discretion. In these circumstances, we would ordinarily remand a case to the Circuit Court. In the interest of judicial economy, we do not remand this case because it is clear to us that the injunction should be denied and that the result reached by the Circuit Court was correct.