22905

Peter M. MANSOUR, Appellant v. Kathleen A. MANSOUR, Respondent.
(371 S. E. (2d) 537)

Supreme Court

*Robert N. Rosen* and *Morris D. Rosen,* of *Rosen, Rosen and Hagood,* Charleston, *for appellant.*

*George M. Hearn, Jr.,* of *Hearn & Corbett,* Conway, *Elliot T. Halio* and *Shirrese E. Brown,* of *Halio and Halio,* Charleston, *for respondent.*

Heard May 17, 1988.

Decided Aug. 29, 1988.

HARWELL, Justice:

The family court ruled that Connecticut, not South Carolina, was the appropriate forum for this domestic litigation. We affirm in part, reverse in part, and remand.

## FACTS

Appellant (Husband) and respondent (Wife) were married in 1978 and lived in Connecticut until September 1986, when Husband and their three children moved to Charleston county. Wife was to remain in Connecticut until the marital home there was sold, then join the family in Charleston. The couple experienced severe marital problems, and Wife remained in Connecticut.

On June 10, 1987, Husband petitioned the family court in Charleston for permanent and *pendete lite* custody and child support, equitable distribution of the parties' real and personal property, and a court-ordered sale of the Connecticut home. Wife moved to dismiss under Rule 12(b)(2) and (3), SCRCP, claiming the family court lacked both subject matter and personal jurisdiction and that venue was improper.

By "Temporary Order" dated June 22, 1987, Judge Mobley denied Wife's motion to dismiss the custody, child support, and visitation issues. He ruled that the Charleston family court had jurisdiction over the subject matter and the parties and that venue was proper because the children "have more connection to Charleston County, South Carolina than any other jurisdiction." The order granted Husband custody of the children "pending further order of the court." Consideration of Wife's motion to dismiss as it related to equitable apportionment of property and sale of the Connecticut home was continued until a July 13 hearing.

On June 25, Wife commenced an action in Connecticut seeking dissolution of the marriage, alimony, child custody and support, and exclusive use of the marital house. On July

12, Wife filed a second motion to dismiss in the South Carolina court, this one based on *forum non conveniens.* Judge Hall granted the motion, ruling that the Charleston court was an "improper venue" for consideration of the equitable apportionment issues. Finding the children had "a closer connection to the State of Connecticut," he also ruled South Carolina an "inconvenient forum" for questions of child custody, support, and visitation. The Order allowed Husband to retain custody pending an order in Wife's Connecticut action.

On July 29, 1987, this Court granted Husband's petition to supersede the custody provisions of Judge Hall's order.[1]

## DISCUSSION

Husband argues that Judge Hall's "inconvenient forum" ruling on the custody issues was an abuse of discretion based on the facts in the record. We agree.

A *forum non conveniens* ruling was discretionary at common law and is discretionary under the UCCJA. *See Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504, (1977); *Oehler v. Clinton,* 282 S. C. 25, 317 S. E. (2d) 445 (1984); *McGee v. McGee,* 287 S. C. 644, 340 S. E. (2d) 571 (Ct. App. 1986). The UCCJA requires a judge confronting a forum convenience issue to consider, among other things, if: (1) another state recently was the child's home state; (2) another state has a closer connection with the child and his family; and (3) if substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state. § 20-7-796(c)(1-3); *see* § 20-7-784(a)(3) (purpose of UCCJA to assure custody litigation in state with closest connection to child and parents and where evidence concerning care, protection, training and personal relationships most readily available).

Judge Mobley's initial finding that South Carolina was the children's "home state" under the UCCJA was correct. *See* S. C. Code Ann. § 20-7-786(5) (1985)

---

[1] Both Connecticut and South Carolina have passed the Uniform Child Custody Jurisdiction Act (UCCJA). Conn. Gen. Stat. Ann. § 46b-90 through 46b-114 (West 1986); S. C. Code Ann. § 20-7-782 through 20-7-830 (1985). Our supersedeas prevented Connecticut from entertaining the child custody issues. *See* S. C. Code Ann. § 20-7-794(a); Conn. Gen. Stat. Ann. § 46b-96(a).

(defining child's "home state" as state where child has lived with a parent for immediately preceding six months); *see also Williams v. Williams,* 285 S. C. 270, 329 S. E. (2d) 751 (1985); *Sinclair v. Albrecht,* 287 S. C. 20, 336 S. E. (2d) 485 (S. C. App. 1985). The children were ages eight, six, and four when the petition was filed. They had lived with their father in Charleston County since September 1, 1986 and had attended schools in Charleston County for a full school year. Their most current school and medical records were in Charleston County.

A Connecticut forum would primarily facilitate review of evidence of the children's past care. Substantial evidence of *present* and *future* care, protection, training and personal relationships was and is most readily available in the children's more current residence—South Carolina. § 20-7-796(c)(3), *supra.* Judge Hall therefore abused his discretion in ruling that South Carolina was an inconvenient forum for the custody issues.

■ Husband's second argument centers on Judge Hall's finding that Connecticut is the proper "venue" for equitable apportionment of the parties' marital property. Husband claims South Carolina is the appropriate forum because of Wife's "contacts" with this State.

This Court may sustain an order upon any grounds appearing in the record. Supreme Court Rule 4, § 8. The record clearly reflects that Connecticut is the most convenient forum for litigation of the property issues. Except for a car and some clothing, all of the parties' real and personal property is in Connecticut. Judge Hall did not err in concluding that Connecticut's interest and convenience in equitably apportioning the parties' property outweighs South Carolina's.

Dismissal of the equitable apportionment issues is affirmed; dismissal of the custody, support, and visitation matters is reversed, and the issues are remanded to the family court of the Ninth Judicial Circuit for a hearing on the merits.

Affirmed in part; reversed in part; and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.