22991

Karla Joanne KNOTH, Respondent v. Gary Allen KNOTH, Appellant.
(377 S. E. (2d) 340)

Supreme Court

*Peter D. DeLuca, Jr.,* Goose Creek, *for appellant.*

*John B. Thomas* and *Joseph W. Ginn, III,* Charleston, *for respondent.*

Heard Dec. 9, 1988.

Decided March 13, 1989.

HARWELL, Justice:

This is a domestic case involving interpretation of the Uniform Child Custody Jurisdiction Act (UCCJA). We affirm the South Carolina Family Court's assertion of jurisdiction over this case.

## FACTS

Appellant Gary Allen Knoth (father) and Respondent Karla Joanne Knoth (mother) were divorced by Order of the Berkeley County Family Court on August 27, 1984. The father was granted custody of the two minor children. The mother was allowed visitation rights and ordered to pay child support.

In September of 1986, the father petitioned the Berkeley County Family Court for an order granting him permission to take the children with him to relocate in Belleville, Illinois. This petition was granted, and the mother's visitation privileges were modified as a result of the move.[1] The child support provisions were not changed.

On February 9, 1987, the mother petitioned the South Carolina Family Court asking for a modification of the previous custody decree. She alleged changed circumstances and asked for custody. The father appeared and contested any modification. In an Order of February 23, 1987, the family court judge ruled that custody was to remain with the father.

Three months later, on May 13, 1987, the father petitioned the Illinois Circuit Court for an order holding the mother in contempt for failure to pay child support. On the same date, the father also sought an order from the Illinois court modifying the South Carolina Family Court Order of February 23, 1987 with respect to the mother's visitation rights. The mother did not appear at the hearing held on June 16, 1987. The Illinois Court temporarily stayed the mother's visitation rights until June 30, 1987, during which time the father

---

[1] This modification in visitation privileges was necessary as a result of the move. The changes included extended visitation with the mother during holidays and in the summer and visitation for the mother when she chose to travel to Illinois. The changes also addressed other concerns such as transportation costs and long distance phone call privileges.

was ordered to attempt to notify the mother of the proceedings.

In South Carolina, the mother filed a petition with the Berkeley County Family Court on July 13, 1987 seeking a change of custody and contempt citations against the father for his failure to allow her to exercise her visitation rights pursuant to the South Carolina Order. After the mother filed this petition in South Carolina, she filed a notice of special appearance to contest jurisdiction in Illinois, which was denied. Illinois took jurisdiction over the matter.

On November 6, 1987, the father entered a special appearance in a South Carolina Family Court for the purpose of contesting jurisdiction in South Carolina. The court denied the motion and assumed jurisdiction. The father appeals, asserting that jurisdiction in Illinois, not South Carolina, is proper.

## DISCUSSION

In the matter before us, courts in both South Carolina and Illinois have assumed jurisdiction. Concurrent jurisdiction is abhorrent to the purposes of the UCCJA, therefore, we must determine which state is entitled to exercise exclusive jurisdiction in this case. In making this determination, we look to the provisions of the Uniform Child Custody Jurisdiction Act, which has been adopted by both South Carolina and Illinois. S. C. Code Ann. §§ 20-7-782-830 (1976); Ill. Ann. Stat. ch. 40, par. 2101-2126 (Smith-Hurd 1981). The UCCJA contains the following provision:

> If a court of another state has made a custody decree, a court of this State *shall not* modify that decree unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this subarticle or has declined to assume jurisdiction to modify the decree and[2] (2) the court of this State has jurisdiction. [emphasis added].

S. C. Code Ann. § 20-7-810 (1976); Ill. Ann. Stat. ch. 40, par. 2115 (Smith-Hurd 1981).

---

[2] The Illinois statute substitutes the word "or" for the word "and" here.

This is the "key provision" of the UCCJA because it carries out the Act's two objectives of (1) preventing harm to children resulting from shuffling them between states to relitigate custody; and (2) preventing jurisdictional conflict between the states after a custody decree has been rendered. Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA*, 14 Fam. L. Q. 203, 214 (1981).[3] In the comments to the model UCCJA, the purpose of this provision is expressed as follows:

> Courts which render a custody decree normally retain continuing jurisdiction to modify the decree under local law. Courts in other states have in the past often assumed jurisdiction to modify the out-of-state decree themselves without regard to the preexisting jurisdiction of the other state (citations omitted). In order to achieve greater stability of custody arrangements and avoid forum shopping, subsection (a) [S. C. Code Ann. § 810, (1976); Ill. Ann. par. 2115 (1981)] declares that other states will defer to the continuing jurisdiction of the court of another state as long as that state has jurisdiction under the standards of this Act. In other words, all petitions for modification are to be addressed to the prior state if that state has sufficient contact with the case to satisfy section 3 [jurisdictional requirements]. The fact that the court has previously considered the case may be one factor favoring its continued jurisdiction.

Many states have ignored or misinterpreted this "key provision" of the UCCJA. *Bodenheimer, supra* at 214-227. The Illinois court, in failing to defer to the continuing jurisdiction of the South Carolina court, fell into this category.

Section 810 clearly directs that Illinois cannot usurp South Carolina's jurisdiction in this matter unless this State no longer meets jurisdictional requirements or declines to continue exercising jurisdiction. The

---

[3] The author of this article, Brigette Bodenheimer, was the Reporter for the National Conference on Uniform State Laws and was instrumental in the passage of the UCCJA.

jurisdictional requirements are set forth in S. C. Code Ann. § 20-7-788 (1976). The pertinent portion of § 20-7-788 reads:

> (a) A court of this State ... has jurisdiction to make a child custody determination by initial or modification decree if:
>> (2) it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant have a significant connection with this State and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships ...

South Carolina meets the jurisdictional requirements because the mother remains here and the children still have a substantial connection to this State. Although more than one state may meet these jurisdictional requirements, once a custody decree has been entered, the continuing jurisdiction of the decree state is exclusive. *Sinclair v. Albrecht* 287 S. C. 20, 336 S. E. (2d) 485 (Ct. App. 1985); *Fry v. Ball,* 190 Colo. 128, 544 P. (2d) 402 (1975); *Ratshin v. Ratshin,* 144 Cal. App. (3d) 974, 192 Cal. Rptr. 891 (1983); *In re Marriage of Kitchen,* 126 Ill. App. (3d) 192, 81 Ill. Dec. 644, 467 N. E. (2d) 344 (1984); *Kelly v. Warner,* 119 Ill. App. (3d) 217, 77 Ill. Dec. 273, 460 N. E. (2d) 329 (1983); *Levy v. Levy,* 105 Ill. App. (3d) 355, 434 N. E. (2d) 400 (1982). Exclusive continuing jurisdiction is not affected by the child's residence in another state. *Sinclair v. Albrecht,* 336 S. E. (2d) at 487; *Bodenheimer, supra* at 215.

Illinois' action here created the very conflict the act was designed to avoid. *See Kirylik v. Kirylik,* 292 S. C. 475, 357 S. E. (2d) 449 (1987) (UCCJA enacted to avoid conflicting decrees of two states); *see also* Prefatory Note and Comments to the Uniform Child Custody Jurisdiction Act, §§ 1-28, 9 U.L.A. 115 (1988); *Bodenheimer, supra.* The father here had just received a modification in South Carolina; however, he immediately returned and sought to have Illinois modify South Carolina's decree from only three months earlier.

The facts of this case, when examined in light of the above-noted express purposes of the UCCJA, support South Carolina's retention of jurisdiction in this case. The parties, including the husband, have agreed to South Carolina's exercise of jurisdiction on more than one occasion, once as recently as three months before commencement of the Illinois action. The mother still resides in South Carolina. South Carolina's Family Court, having confronted the parties' grievances on numerous occasions, is familiar with the case. South Carolina did not cease to meet the jurisdictional requirements of the UCCJA, nor did this State decline to continue the exercise of its jurisdiction. The Illinois family court improperly assumed jurisdiction. The South Carolina Family Court properly determined that exclusive jurisdiction should remain in this State.

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.

