THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Henry Green, Appellant,
 v.
 Tracy Godfrey Morris, Respondent.
 
 
 

Appeal From Sumter County
  George M. McFaddin, Jr., Family Court
 Judge

Unpublished Opinion No. 2007-UP-276
 Submitted April 2, 2007  Filed June 6,
 2007

AFFIRMED AS MODIFIED

 
 
 
 James H. Babb, of Sumter, for Appellant.
 Warren Stephen Curtis, of Sumter, for Respondent.
 
 
 

PER CURIAM: Henry
 Green (Father) appeals the family courts determination that it lacked
 jurisdiction to modify a South Carolina custody order.  Father further appeals
 the family courts decision that even if it had jurisdiction, it would decline
 to exercise it.  We affirm as modified. 
FACTS
On September 15, 1998, Tracy Morris
 (Mother) and Father had a son, Mark Austin Green, as a result of their
 nonmarital union.  In 1999, the parties separated.  On August 7, 2000, the Sumter County family court issued the original custody, support, and visitation order.  The
 parties received joint custody with Mother as the primary custodial parent.  In 2002, the child moved with Mother to Georgia.  Mother and Father
 appeared before the family court several times on matters regarding the child.  In 2004, Mother married an active member of the United States Marine Corps who
 was stationed in Arizona, and the family court entered a consent order
 allowing Mother to take the child with her to Arizona.
On June 5, 2005, the child arrived in South Carolina for his summer visitation with Father.  The child was scheduled to
 return to Arizona on August 6, 2005.  Upon arriving in South Carolina
 for summer visitation with Father, the child began relaying incidents of
 violence including corporal punishment perpetrated by Mothers husband.  Based
 on those allegations, on July 29, 2005, Father filed an action in the family
 court seeking modification of the custody order.  On August 3, 2005,
 Mother called to speak to the child, and Father informed her he would not be
 returning the child on August 6 as scheduled.  On August 11, 2005, Mother
 filed a response to Fathers complaint asserting in part that the South Carolina family court lacked jurisdiction over the matter.  
On March 16, 2006, the family court issued
 an order dismissing Fathers action finding it did not have jurisdiction
 because Arizona was now the childs home state, and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. §
 1738A (2000), mandates that a
 court can decide child custody matters only if it is the childs home state or
 has been the childs home state in the last six months.  Further, the
 family court determined even if it did have jurisdiction, it would decline to
 exercise it because South Carolina is an inconvenient forum to make a custody
 decision in the case.  This appeal followed.
STANDARD OF REVIEW
On
 appeal from a family court order, this Court has authority to correct errors of
 law and find facts in accordance with its own view of the preponderance of the
 evidence.  E.D.M. v. T.A.M., 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992).  However, this broad scope of review does
 not require this Court to disregard the family courts findings.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d
 620, 623 (2003).  The family court in its discretion may enter
 an order declining to exercise jurisdiction based on a finding that it is an inconvenient
 forum, which this Court will uphold absent an abuse of that discretion.  Charest
 v. Charest, 329 S.C. 511, 516,
 495 S.E.2d 784, 786 (Ct. App. 1997).
LAW/ANALYSIS
Father argues the
 family court erred in finding it lacked jurisdiction to modify the custody
 order.  We agree.
The
 PKPA and the Uniform Child Custody Jurisdiction Act (UCCJA), sections 20-7-782 to -830 of the South Carolina Code
 (1976), govern the subject matter jurisdiction of state courts to rule
 in interstate custody disputes.  Because the PKPA is federal legislation, its
 provisions will govern any conflict between it and the UCCJA . . . .  Widdicombe v. Tucker-Cales, 366 S.C. 75, 86, 620 S.E.2d 333, 339 (Ct.
 App. 2005) (petition for cert. filed) (citations omitted).  One of
 the UCCJAs purposes is to avoid conflicting custody decrees between states.  Id. at 87, 620 S.E.2d at 339; see
 also S.C. Code Ann.
 § 20-7-784 (1976) (Other purposes of the UCCJA include avoiding
 relitigation of custody decisions of other states if feasible and facilitating
 the enforcement of custody decrees of other states.).
The
 family court found it did not have jurisdiction because the PKPA provides that a child
 custody or visitation determination is consistent with the PKPA only if the court has jurisdiction under the law of the state
 and one of the provided conditions is met.  The condition the family court
 relied on was:

 such State (i) is the home State of the child on the
 date of the commencement of the proceeding, or (ii) had been the childs home
 State within six months before the date of the commencement of the proceeding
 and the child is absent from such State because of his removal or retention by
 a contestant or for other reasons, and a contestant continues to live in such
 State . . . .

28 U.S.C. § 1738A(c)(2)(A)
 (1988).  However, the family court interpreted the statute as providing
 that only the home state has jurisdiction.  This is contrary to a reading of
 the plain language of the statute, which provides that a state being the
 childs home state is only one of the reasons a court can exercise
 jurisdiction.  Another reason a state may maintain jurisdiction under the PKPA is if the
 court has continuing jurisdiction pursuant to subsection (d) of this section. 28
 U.S.C. § 1738A(c)(2)(E) (1988).  Subsection (d) provides,

 The jurisdiction of
 a court of a State which has made a child custody or visitation determination
 consistently with the provisions of this section continues as long as the
 requirement of subsection (c)(1) of this section continues to be met and such
 State remains the residence of the child or of any contestant.

28 U.S.C. § 1738A(d) (1988).  Accordingly, if South Carolina issues the original custody decree in
 accordance with the PKPA and one parent still resides in South Carolina, then South Carolina has jurisdiction if it retains it under the UCCJA.  
The PKPA mandates three criteria for a court to retain continuing
 jurisdiction: (1) that the
 original custody determination was entered consistently with the provisions of
 the PKPA; (2) that the court maintain jurisdiction under its own state law, in South Carolina, the UCCJA; and (3) that the state remains the residence of the child or of
 any contestant.  Widdicombe, 366 S.C. at 86, 620 S.E.2d at 339.  At the time of the original custody decree, Mother, Father, and
 the child were all residents of South Carolina, where the court issued the original
 decree.  Accordingly, South Carolina meets the first requirement for retaining
 jurisdiction because the original decree was entered consistently with the
 provisions of the PKPA.
The
 second requirement under the PKPA is that South Carolina retain jurisdiction
 under its laws.  We give great deference to the jurisdiction of the state that
 originally ruled on a
 custody matter.  Widdicombe, 366 S.C. at 87, 620 S.E.2d at
 339-40. 
 Courts which render a custody decree normally retain continuing jurisdiction to modify the decree under local law.  Knoth v. Knoth,
 297 S.C. 460, 463, 377 S.E.2d 340, 342 (1989).  

 Although
 more than one state may meet the jurisdictional requirements under the UCCJA,
 once a custody decree has been entered, the continuing jurisdiction of the
 decree state is exclusive.  This jurisdiction continues if one parent continues
 to reside in the decree state and substantial evidence remains there, even
 though another state has become the childs home state.  

Charest
 v. Charest, 329 S.C. 511, 518, 495 S.E.2d 784, 788 (Ct. App. 1997)
 (citations omitted).  This jurisdiction is
 not necessarily affected by a childs residence in another state.  Knoth,
 297 S.C. at 464, 377 S.E.2d at 342-43.  If the prior state still has sufficient
 contact with the case to satisfy the jurisdictional requirements, all petitions
 for modification must be addressed to that state.  Id. at 463, 377
 S.E.2d at 342.  The courts previous consideration of the case is one factor in
 favor of its continued jurisdiction.  Id.  When a state attempts to
 exercise continuing jurisdiction over a custody decree on which it has
 previously ruled, we broadly interpret the jurisdictional requirements in the
 UCCJA.  Widdicombe, 366 S.C. at 87, 620 S.E.2d at
 340. 
In Knoth, an Illinois family court modified custody in a matter a South Carolina family court had previously decided on numerous occasions.  297 S.C. at 461, 377 S.E.2d at 341.  The South Carolina
 Supreme Court found because the mother remained in South Carolina and the child
 still had considerable contacts with the state, South Carolina continued to
 have exclusive jurisdiction over the matter, and the Illinois family court
 improperly assumed jurisdiction.  Id. at 464, 377 S.E.2d at 342.  
In Charest, a case analogous to the
 instant case, this Court found [a]s the decree state, South
 Carolina clearly had continuing jurisdiction . . . based on the fact that at
 least one parent, the father, continued to reside here and the children visited
 him and remained in contact with him in South Carolina.  329 S.C. at 518-19, 495
 S.E.2d at 788.  In the present case, because
 Father still resided in South Carolina and the child visited Father in South Carolina, South Carolina meets the second requirement of the PKPA because it continued
 to have jurisdiction under this states laws.  
The
 third prong of the PKPA analysis provides that one party must continue to
 reside in the state.  Because Father continued to reside in South Carolina, the
 third criterion of the PKPA is satisfied. Accordingly, South Carolina meets all three requirements mandated by the PKPA for it to have continuing
 jurisdiction over the matter, and the family court erred in finding it lacked
 jurisdiction.
Father
 contends the family court erred in declining to exercise jurisdiction.  We
 disagree.
The family court may decline to exercise jurisdiction
 if South Carolina is an inconvenient forum to make a custody determination
 under the circumstances of the case and a court of another state is a more
 appropriate forum.  S.C. Code Ann. § 20-7-796(a) (1976).  When determining if South Carolina is an inconvenient forum, the family court should consider if another states
 assumption of jurisdiction is in the childs interest.  § 20-7-796(c).  The family court should take
 into account the following factors in making its decision:

 (1) if
 another state is or recently was the childs home state;
 (2) if another state has a closer connection with the
 child and his family or with the child and one or more of the contestants;
 (3) if substantial evidence concerning the childs
 present or future care, protection, training and personal relationships are
 more readily available in another state;
 (4) if the parties have agreed on another forum which
 is no less appropriate;
 (5) if the exercise of jurisdiction by a court of this
 State would contravene any of the purposes stated in § 20-7-784.

Id.  The family court may also
 consider other factors it deems relevant.  Id.
In McGee v. McGee, 287
 S.C. 644, 647, 340 S.E.2d 571, 573 (Ct. App. 1986), we found the family court
 did not abuse its discretion in determining Georgia, rather than South
 Carolina, was the more appropriate forum for a custody action.  Although the
 parents were divorced in South Carolina and the
 father continued to live here, the mother and the couples child had lived in Georgia for five years.  Id. at 646, 340 S.E.2d at 573.  The child had attended
 school in Georgia for three years, all of his recent medical records were in Georgia, and all of his extracurricular activities were centered in Georgia.  Id. at 647, 340
 S.E.2d at 573.  Therefore, those people most familiar with the childs current
 condition, such as teachers, friends, and neighbors, were in Georgia.  Id.
Similarly, in Charest, we found the family
 court did not abuse its discretion in declining to exercise its jurisdiction in
 order for a change of custody action to be instituted in New York.  329 S.C. at 520, 495
 S.E.2d at 789.  Although the father still resided in South Carolina, the children had
 resided in New York with their mother for five years before the action was
 instituted.  Id.  Accordingly,
 New York had the most significant connection to the children, and the witnesses
 who could testify about the childrens daily activities and current condition
 were located there.  Id.  The children were enrolled in school, attended
 church, and spent most of their time in New York.  Id.  Further, any
 evidence of the childrens alleged mistreatment would necessarily come from New York.  Id.
          In the present
 case, the child had lived in Arizona for over a year before Father filed this
 action.  Father alleges abuse at the hands of Mothers husband who lived in Arizona with the child.  Accordingly, any witnesses to testify about the interaction
 between the child and Mothers husband would be in Arizona.  Because the child
 has resided in Arizona for over a year, it is his home state, it has more
 substantial evidence concerning the childs care, and it has a closer
 connection to the child than South Carolina as the child has not lived here since
 2002.  Therefore, we find the family court did not abuse its discretion in
 declining to exercise jurisdiction over the matter.[1]
CONCLUSION
Accordingly,
 because South Carolina meets the three criteria for retaining jurisdiction under
 the PKPA, the family court erred in finding it did not have jurisdiction to
 modify the custody decree.  However, the family court did not abuse its
 discretion in finding that even if it had jurisdiction, it would decline to
 exercise it because South Carolina was an inconvenient forum.  Therefore, the
 family courts order is
AFFIRMED AS
 MODIFIED.[2]
HUFF, BEATTY,
 and WILLIAMS, JJ., concur.
 

[1] Additionally, Father maintains the family court
 deprived him of his procedural and substantive due process rights by executing
 an order granting the de facto permanent relief of a dismissal for lack of
 jurisdiction.  The South Carolina Supreme Court has established a firm policy of declining to rule on constitutional issues
 unless such a ruling is required.  Fairway
 Ford, Inc. v. County of Greenville, 324 S.C. 84, 86, 476 S.E.2d 490, 491
 (1996).  Fathers due process claims seemingly center around the
 fact that the family court erred in finding it lacked jurisdiction.  Because we
 determine the family court erred in finding it lacked jurisdiction, we find it
 unnecessary to address whether Father was deprived of his due process rights.  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.